AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>William George<br><br>*Defendant(s)* | )<br>)<br>) Case No. 8:25-mj-03230-NHA<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 29, 2025,__ in the county of __Pasco__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

**Please see attached affidavit.**

☑ Continued on the attached sheet.

*Complainant's signature*

Angeline Cannizzaro, Special Agent, ATF
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: October 14, 2025

*Judge's signature*

City and state: Tampa, FL

Honorable Natalie Hirt Adams, U.S.M.J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Angeline Cannizzaro, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), U.S. Department of Justice, and have been so employed since December of 2018. I am currently assigned to the ATF Tampa Field Division, Tampa Group I. Prior to ATF, I was employed as a U.S. Border Patrol Agent in Rio Grande City, Texas for approximately three years. I have successfully completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program, the ATF Special Agent Basic Training, as well as the U.S. Border Patrol Basic Training Academy.

2. I have conducted investigations concerning violations of Titles 18, 21 and 26. Based on my training and experience as a Special Agent, I am familiar with violations of those federal laws and how to conduct criminal investigations related to those offenses.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and law enforcement sources and reports. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The word "agent" is used in this affidavit to denote

federal agents, deputized task force officers, and other state and local law enforcement officers.

## Statutory Authority

4. I submit this affidavit in support of a criminal complaint charging **William GEORGE ("GEORGE")**, a convicted felon, with felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1), which **GEORGE** committed in the Middle District of Florida

5. The facts contained in this affidavit are based on my personal knowledge and on reliable information provided to me by other law-enforcement officers. Because of the limited purpose of this affidavit, I have not included each and every fact known to me, but only those facts that are necessary to establish probable cause in support of the requested complaint.

## Probable Cause

6. On July 29, 2025, ATF received information from a Homeland Security Investigations ("HSI") tip that stated William **GEORGE**, a convicted felon, had a storage unit containing firearms and ammunition at the U-Haul Moving and Storage Facility located at 12412 US Highway 19, Hudson, Florida 34667. This information was jointly investigated by ATF, HSI, and the Pasco County Sheriff's Office ("PSO").

7. On July 29, 2025, I spoke with the tipster, C.M., over the phone. C.M. advised that several months ago **GEORGE's** wife, S.L., stated that **GEORGE** had a

storage unit located at the U-Haul Moving and Storage Facility located at 12412 US Highway 19 in Hudson, Florida. **GEORGE** had several firearms and ammunition inside the storage unit.

8. On July 30, 2025, I spoke with **GEORGE's** wife, S.L., over the phone. S.L. advised **GEORGE** had a storage unit at the U-Haul facility located at 12412 US Highway 19 in Hudson, Florida. S.L. did not know the number to the storage unit. Originally **GEORGE** made S.L. open the unit in her name, but at some point changed it to be in his sister's, B.G.'s, name. S.L. advised that inside the storage unit, **GEORGE** had 5-gallon buckets of ammunition, Kevlar vests, and a safe that contained several firearms. At one point, **GEORGE** had shown S.L. a picture of how he had the storage unit set up. S.L. had known **GEORGE** to purchase firearms and ammunition online and from gun shows.

9. Later, on July 30, 2025, S.L. advised by text message that at the end of September 2024, **GEORGE** had brought the firearms from the storage unit to a residence on Foray Lane in New Port Richey, where he made S.L. put on latex gloves and wrap the firearms in blankets. GEORGE had told S.L. that if police showed up, he would claim the firearms belonged to S.L. The firearms were moved to a different storage unit in Port Richey, Florida and were eventually moved back to the storage unit at 12412 US Highway 19 in Hudson around October 8, 2024. Before they were married, S.L. knew **GEORGE** had a firearm and he admitted to S.L. that he was not supposed to have one. S.L. also advised that in September 2024,

3

**GEORGE** forced her to purchase ammunition for him from Golden Nugget Pawn in Port Richey, Florida.

10. On July 30, 2025, PSO Deputies spoke with an employee at the U-Haul Moving and Storage Facility at 12412 US Highway 19 in Hudson, Florida. The employee advised that Brenda George had two storage units under her name, unit #1440 and #1549. **GEORGE's** name was also in U-Haul's system.

11. On July 30, 2025, state search warrants were issued for storage units #1440 and #1549. A search of unit #1549 revealed no firearms or ammunition. A search of unit #1440 revealed eight 5-gallon buckets of ammunition, 3 ballistics vests, and a safe that contained 5 firearms, firearms accessories, and ammunition. The firearms included a Mossberg shotgun Cal: 12-guage Model 88 SN: MV56606T, a Harrington and Richardson revolver Cal: 22 Model: 929 SN: AA28312, a PW Arms rifle Cal: 762 Model: M44 SN:RC007171, a HiPoint rifle Model: 4595 Cal: 45 SN: R16679, and a Zastava rifle Model: NPAP M70 SN:N-PAP022546.

12. On August 7, 2025, HSI TFO D. Dacey and I interviewed B.G. B.G. advised she had one storage unit, unit #1440. The unit was located at the U-Haul on US 19 at Beacon Woods in Hudson, Florida. The unit was only in B.G.'s name but her brother, **GEORGE**, helped her pay for it and had access to it. **GEORGE** had the keys to the unit. B.G. did not have any keys for it. B.G. allowed **GEORGE** to put personal items into the unit. B.G. did not place any of her belongings in the unit.

B.G. was not sure of the last time **GEORGE** had been to the unit, but it had been a few months prior.

13. On August 13, 2025, an ATF Firearms and Ammunition Specialist Special Agent examined the HiPoint rifle and Zastava rifle described in paragraph 11, and determined the firearms were not manufactured in the State of Florida and therefore traveled in or affected interstate commerce before their recovery in Florida on July 30, 2025.

14. On September 18, 2025, I reviewed a DNA analysis report from the Pinellas County Forensic Laboratory. This report documented the comparison of swabs taken from the firearms in paragraph 13 and buccal swabs taken from **GEORGE** pursuant to a search warrant 8:25-mj-2775-AAS. This report documents that were was sufficient DNA for a comparison to the Zastava rifle and the Mossberg Shotgun. Both firearms resulted in a mixture where **GEORGE's** DNA was present.

15. On September 17 and 18, 2025, I reviewed information received from Golden Nugget Pawn in Port Richey, Florida. According to these documents, on November 26, 2017, **GEORGE** sold 5 boxes of Buffalo Bore .45 caliber ammunition to Golden Nugget Pawn. On September 17, 2024, S.L. purchased 4 boxes of Buffalo Bore .45 caliber ammunition. The manager at Golden Nugget Pawn advised the 4

boxes of ammunition purchased by S.L. in 2024 were 4 out of the 5 boxes sold by **GEORGE** in 2017.

16.   On September 19, 2025, law enforcement reviewed evidence seized by PSO from the storage unit on July 30, 2025. PSO item #25 contained 4 boxes of Buffalo Bore Ammunition that were found inside the safe. This ammunition was found inside the same safe the firearms were in. The item numbers from the price tag matched the item numbers on the invoice for the ammunition purchased by S.L. at Golden Nugget Pawn on September 17, 2024.

17.   In September 2025, I reviewed documents received from U-Haul. On November 4, 2024, **GEORGE** signed a rental agreement for unit #1440 at the U-Haul Moving and Storage at 12412 US Highway 19, Hudson, Florida 34667. **GEORGE** provided an identification, phone number, and email when he signed the rental agreement. There was an alternate contact and authorized access user on the unit, which was **GEORGE's** wife, S.L. The customer's name on the account was **GEORGE**'s sister, B.G. Between November 5, 2024, to December 13, 2024, the name on the access dates belonged to **GEORGE**. Between December 16, 2024, to June 24, 2025, the name on the access dates belonged to B.G.

18.   According to U-Haul's records, the unit had not been accessed between June 25, 2025, till the time law enforcement searched it on July 30, 2025. The unit

had not been accessed since the search by law enforcement. **GEORGE** has been in custody at the Pasco County Jail since June 27, 2025, due to an unrelated incident.

19.  **GEORGE** has multiple felony convictions on his criminal record—including a 2011 conviction for felonious possession of a firearm—and is prohibited from possessing firearms or ammunition under 18 USC § 922(g).

20.  I reviewed a letter from the State of Florida's Office of Executive Clemency, dated August 4, 2025, which revealed there is no record of restoration of civil rights for **GEORGE**, which includes the right to own, possess or use firearms.

## Conclusion

21.  For the reasons set forth above, there is probable cause that **GEORGE**, possessed a firearm and ammunition while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1). I therefore request that the Court authorize the arrest of **GEORGE** for these offenses.

Angeline Cannizzaro, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d)(3) before me this  14th    day of October 2025.

HONORABLE NATALIE H. ADAMS
United States Magistrate Judge

7